J. S37044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MUMIN SLAUGHTER, | : | No. 1839 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered May 24, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1202271-2005

BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 15, 2019**

Mumin Slaughter appeals from the May 24, 2018 order entered in the Court of Common Pleas of Philadelphia County dismissing his PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the procedural history as follows:

> [Appellant], together with William Johnson, was charged by Philadelphia authorities with murder, generally, criminal conspiracy, and possessing instruments of crime, generally.  Both men were tried jointly before [the trial c]ourt and a jury in 2007. Although the jury could not reach a verdict with respect to Mr. Johnson, it found [appellant] guilty of third-degree murder and criminal conspiracy.[1] Although [appellant] was originally sentence[d] to an aggregate term of incarceration of twenty-five to fifty years' incarceration, that sentence was vacated and

---

[1] 18 Pa.C.S.A. § 2502(c) and § 903(a)(1), respectively.

on October 29, 2010, [appellant] received an aggregate sentence of fifteen to thirty years' incarceration after he agreed to cooperate with authorities in the Johnson retrial.

Following the imposition of sentence [appellant] filed a notice of appeal and on November 6, 2012, the Superior Court affirmed the judgment of sentence. ***Commonwealth v. Slaughter***, 63 A.3d 830 (Pa. Super. 2012) (Table). [Appellant] thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which on May 29, 2013, denied the petition. ***Commonwealth v. Slaughter***, 67 A.3d 796 (Pa. 2013) (Table).

On October 9, 2013, [appellant] filed a ***pro se*** petition pursuant to the Post-Conviction Relief Act (hereinafter PCRA), 42 Pa.C.S.[A.] § 9541 ***et seq***. Counsel was appointed to represent him and on February 2, 2017, counsel filed an amended petition alleging that trial counsel had been ineffective for erroneously advising [appellant] not to testify in his own defense because it would result in his being impeached with his arrest record. Counsel thereafter filed a supplemental amended petition on November 1, 2017, wherein [appellant] contended that trial counsel failed to call an alibi witness in [appellant's] trial.

On November 3, 2017, [the PCRA c]ourt held an evidentiary hearing on [appellant's] claim that trial counsel gave him wrong advice about testifying at which both [appellant] and trial counsel testified. The [PCRA c]ourt held the matter under consideration at the conclusion of the hearing. A second evidentiary hearing was convened on May 24, 2018, on [appellant's] claim that trial counsel was ineffective for failing to present an alibi witness. [The PCRA c]ourt cancelled the hearing because [appellant] had given police [sic] a statement to police prior to his second sentencing hearing wherein he stated that he had been present at the scene of the crime when it occurred, the veracity of which he confirmed under oath during the re-sentencing hearing held on September 29, 2010.

> On May 24, 2018, [the PCRA c]ourt denied [appellant] PCRA relief. On June 23, 2018, [appellant] filed a timely notice of appeal.

PCRA court opinion, 9/5/18 at 1-3 (footnote omitted; citation to notes of testimony omitted). The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the PCRA court filed a Rule 1925(a) opinion.

Appellant raises the following issue for our review: "Whether the PCRA Court erred in denying relief after [the] evidentiary hearing?" (Appellant's brief at 4.)

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). We review the appeal "in the light most favorable to the prevailing party at the PCRA level[,]" and "[o]ur review is limited to the findings of the PCRA court and the evidence of record." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This [c]ourt grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002)

(citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Henkel*, 90 A.3d at 20.

When presented with a claim of alleged ineffective assistance of trial counsel, this court has held:

> [t]o be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa.Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." *Commonwealth v. Williams*, 141 A.3d 440, 454 (Pa. 2016) (citation omitted).

Our supreme court has held:

> [t]he decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain

> a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

***Commonwealth v. Nieves***, 746 A.2d 1102, 1104 (Pa. 2000) (citations omitted).

Here, appellant argues trial counsel was ineffective "for advising appellant not to testify in his own behalf because the Commonwealth could use his prior arrest record against him." (Appellant's brief at 13.) Appellant claims that in discussing whether he should testify during trial, trial counsel allegedly "told him that if he did testify the prosecutor would attack his record." (***Id.*** at 14, citing notes of testimony, 11/3/17 at 11-12.) Appellant argues:

> The advice to not testify and forgo the opportunity to refute the purported eye witness testimony as to his having previously sold them drugs when they [sic] cat was already out the [sic] bag, was tantamount to counsel saying the prosecutor will bring out his prior drug conviction should he testify, which was so unreasonable as to vitiate his knowing and intelligent decision not to testify in his own behalf.

Appellant's brief at 15.

At the PCRA hearing, trial counsel, a veteran defense attorney for more than 30 years at the time, stated that he was confident he spoke to appellant about whether appellant should testify at trial. (Notes of testimony, 11/3/17 at 48, 54.) Trial counsel also stated he would not have told appellant that, if

he testified, his prior drug conviction in federal district court would have been used to impeach him. (*Id.* at 45, 49, 56, 60.) Trial counsel explained that the drug conviction was not a **crimen falsi** conviction that could be used for impeachment purposes and would not be admissible. (*Id.*) Trial counsel further explained that it was logical that if appellant testified, his relationship with the two eyewitnesses, both of whom claimed they allegedly purchased drugs from appellant regularly, would have been explored by the prosecution. (*Id.* at 47-48.) Trial counsel stated that appellant "was better off not facing cross-examination by a skilled prosecutor." (*Id.* at 50.) When asked what advice trial counsel gave appellant about whether to testify, appellant stated, "[h]e told me that it wouldn't be a good look because I have an arrest record and that [the prosecutor] can bring my arrest record up." (*Id.* at 13.)

Following the PCRA hearing, the PCRA court accepted trial counsel's recollection of events as entirely credible, finding that appellant's testimony wholly lacked in credibility. The PCRA court concluded, "[i]t was simply beyond belief that trial counsel, an experienced and excellent trial attorney, would have advised [appellant] that he should not testify because [he] could be impeached with his criminal record that did not contain any **crimen falsi** crimes." (PCRA opinion, 9/5/18 at 8-9.)

The record demonstrates that absent appellant's self-serving testimony, which the PCRA court found "wholly lacking in credibility," appellant presented no other evidence that counsel interfered with his right to testify, or that

counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf. Therefore, the PCRA court's determination that appellant failed to demonstrate by a preponderance of the evidence that his underlying claim had arguable merit is supported by the record and free from legal error.

Consequently, appellant's claim that the PCRA court erred in dismissing his PCRA petition fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/19